## OPINION OF THE JUSTICES.

Where a request for the opinions of the justices is received from the governor
and council upon the day their terms of office expire, and it is apparent that
answers thereto cannot be returned in season to be of assistance in the de-
termination of the questions before them, the case is not one in which such
opinions can be required, under article 73 of the constitution.

*To the Honorable Justices of the Supreme Court:*

The governor and the honorable council desire your opinion
upon the following important questions of law arising upon a peti-
tion now pending before them, in which David H. Goodell is pe-
titioner, and the police commissioners of the city of Manchester
are petitionees:

1. What are the powers and duties of the Manchester police
commission?

2. Are the powers and attendant duties conferred upon the
police commission by chapter 202 of the Laws of 1893 administra-
tive so far as they relate to the appointment, the uniforming, and
the organizing of the police force for the city, and the establishing
and promulgating rules for their government?

3. Are the powers conferred upon the commissioners by sec-
tions 3 and 4 of chapter 202 of the Laws of 1893 judicial so far
as they relate to the removal of any member of the police force,
for good and sufficient cause, and after due hearing?

4. Are the commissioners, after having appointed, uniformed,
and organized the police force, and established rules for its govern-
ment, required under said act, of their own motion, to take active
steps and prosecute any violation of the criminal laws of the state,
including the law prohibiting the sale of liquor, or ordinances of
the city; or is that duty cast upon the mayor, the solicitor, the
attorney-general, and the police officers of the city?

5. In view of the powers conferred upon the commissioners
by sections 3 and 4, chapter 202, of the Laws of 1893, after due
hearing to remove any member of the police force for good and
sufficient cause, and of their rule requiring all complaints made
against any member of the police force to be reduced to writing
with specifications and signed by the person making the complaint,
and providing for hearing, after notice to the accused, of the
charges and specifications, is it the duty of the commissioners to
call members of the police force before the board for non-perform-
ance of their duty, or for breach of the rules and regulations, to
answer charges preferred by themselves, and after hearing suspend
or expel such members from the force, if satisfied that the charges
are true; or is it essential that all charges against the members of

the force for non-performance of duty or breaches of the rules and regulations shall be made by third persons?

6.   Have the commissioners the power to adopt the rule requiring all complaints made against any member of the police force to be reduced to writing with specifications and signed by the person making the complaint, before investigation is made?

7.   Would the commissioners, having appointed, uniformed, and organized a police force for the city, and established and promulgated reasonable rules for their government, be derelict in the duties conferred upon them under said chapter 202, which would be a cause for their removal, except where they fail to exercise reasonable care and diligence in appointment of hearings on complaints presented against police officers, or willfully pass erroneous judgments after hearing upon said complaints?

> FRANK W. ROLLINS, *Governor.*
> SUMNER WALLACE.
> STEPHEN H. GALE.
> G. F. HAMMOND.
> HARRY M. CHENEY.
> HENRY F. GREEN,

*To the Honorable Secretary of State, Concord, N. H.:*

The questions hereunto annexed were duly received through you on January 3, 1901, at 9.45 A. M.

If the questions, or any of them, present a case in which the opinions of the justices properly may be required, the terms of office of the governor and council submitting the questions having expired on the day they were received, it is apparent that it was impracticable to return any answers thereto in season to aid that honorable body in the determination of any question touching the exercise of their power or the performance of their duty in respect of the petition before them; and that consequently the case is not one in which article 73 of the constitution applies, or "in which the law allows the opinions of the justices to be given." 67 N. H. 601.

> ISAAC N. BLODGETT.
> WILLIAM M. CHASE.
> ROBERT M. WALLACE.
> FRANK N. PARSONS.
> ROBERT G. PIKE.
> ROBERT J. PEASLEE.