Hillsborough, ⎱
  Dec. 3, 1901. ⎰

## MANCHESTER *& a.* v. FURNALD *& a.*

The assessors of a city are by statute made a constitutional tribunal to determine the value of property therein for purposes of taxation.

An undervaluation of certain estates by assessors, in the fair exercise of their judgment, is not correctible upon a petition for *mandamus* brought against them by the city to compel the appraisal of such property at its true and full value.

A taxpayer who is aggrieved by an overvaluation of his estate resulting from an undervaluation of other property, and who has neglected to avail himself of the adequate remedy provided by a petition for abatement, cannot maintain a petition for *mandamus* to compel a reappraisal.

A proceeding to compel the correction of error in the valuation of taxable property by assessors is not seasonably commenced if brought more than nine months after knowledge of the appraisal could have been obtained by reasonable diligence.

PETITION for *mandamus*, by the city of Manchester and George A. Wagner, a taxpayer, against David O. Furnald and nine others, assessors of the city. Transferred from the May term, 1901, of the superior court by *Wallace*, C. J.

The petition alleges that the defendants, as assessors of the city, in April, 1900, in appraising the taxable estate in the city, neglected and refused to value the property of the Amoskeag Manufacturing Company, and that of four other corporations named in the petition liable to taxation therein, at its true and full value as alleged in the petition, but appraised the same at a less sum. The prayer is that the defendants be ordered and commanded to assess upon the property and estates of said corporations such part of the taxes as by a true and full valuation thereof would be assessed thereon, that a writ of *mandamus* be issued, directed to the defendants for the purpose aforesaid, and for such other relief as may be just. The defendants' demurrer was sustained, subject to the plaintiffs' exception.

*Arthur O. Fuller* (with whom was *George A. Wagner*), for the plaintiffs. The assessors are not a court of last resort, but their action is subject to review in more ways than one. One remedy is by petition for abatement; another is by petition for *mandamus;* and if in any case a petition for abatement or *mandamus* does not furnish adequate and complete remedy, the court will invent a remedy full and complete, even though that may involve resorting to methods hitherto not dreamed of. *Boody* v. *Watson*, 64 N. H. 162, 177. On petition for abatement, the "fair exercise of appraising judgment" by the assessors is controlled, or, rather, is subject to revision. If authority is needed on a point so self-evident, see *Manchester Mills* v. *Manchester*, 57 N. H. 309, 314. In fact, the statute expressly makes their judgment appealable whenever they neglect or refuse to abate, regardless of their reason for not abating.

In considering the general question, whether the facts set forth in the petition, and which upon demurrer must be taken to be true, constitute ground for relief in favor of one plaintiff or both, the court will not concern itself with barren questions as to the form of the petition or of its various allegations. The day for such trifling has gone by. Nowadays, the only question is whether the petition shows a right and a violation of that right. If it does, the court is bound to grant the best remedy it can think up. Errors in stating the case, or praying for the wrong kind of relief, or misjoinder of parties — all these are mere matter of form; and the court will confine its attention to the substantive rights of the parties and the best methods of enforcing them.

The petition does set forth a violation of an express statutory duty, imposed upon the defendants for the benefit of the city of Manchester in general and the plaintiff Wagner in particular. It also sets forth resulting injury to the city — direct loss by having

a part of the taxes assessed against persons who cannot pay them; and direct pecuniary loss to Wagner by making his tax larger than it ought to have been. It might also have stated specifically other resulting injury, but that was needless, for the thing complained of is in itself an injury, and we are not seeking to make somebody pay for the injury, but to have the wrong redressed by doing now what ought to have been done in the first place. We do not claim that this hastily drawn petition is a work of art, but it contains all that is necessary under our system — an intelligible statement of the wrong complained of, and a prayer for relief.

That the petition states a case that ought to be remedied cannot well be denied. If the assessors had wholly exempted the corporations, under an impression that the law permitted such exemption, the case would fall strictly within *Boody* v. *Watson*. If by error of law they taxed the corporation property for only half its value, *Boody* v. *Watson* would still apply. The same is true of the case stated in the petition,— taxing for less than value,— no matter what fraction of the true value was adopted. *Boody* v. *Watson* still applies (as the demurrers substantially admit), provided the error was caused by mistake of law. But the defendants' claim is that if the error resulted from mistake of fact, there is no remedy; that unless we show that the other assessors in Hillsborough county and throughout the state performed their duty, these assessors were not bound by oath or statute; and that if these assessors systematically undervalued property throughout Manchester, their complete and universal violation of the statute renders it incapable of enforcement.

Whether the failure to tax these corporations on full value arose from error of law or error of fact we do not know, and on that point the petition is silent. But the failure was in any case a failure in performance of a judicial duty. In *Boody* v. *Watson* the petition did not state whether the selectmen's error was one of law or of fact. Upon trial it proved to be one of law. The court granted a remedy and held that it was bound to grant one, though it involved a complete disregard of precedent and of all previously established rules of procedure. *Doe*, C. J., cited decisions to the effect that if the error had been one of fact that particular remedy could not be granted. These decisions were not directly overruled, because inapplicable; but all decisions that were applicable were either brushed aside or so construed as to permit the doing of what justice required. There can be no doubt that if the error in that case had arisen from the selectmen's mistake of fact rather than of law the evil result would have been the same, and the remedy the same, regardless of the error having been caused by the selectmen's ignorance of fact, instead of ignorance of law.

To sum the whole thing up: The court should consider what ought to have been done, and how to correct the error; and as the ignorance that caused it was not the plaintiffs' fault, they are just as much entitled to relief against other folks' ignorance of fact as of law, because one violates their rights just as much as the other would. Questions of form, and decisions as to the scope and limitations of *mandamus* or other methods of procedure, are "mere barren questions of pleading" on which the court should waste no time.

*Edwin F. Jones* and *Harry T. Lord*, for certain of the defendants.

*David Cross* and *Frank S. Streeter*, who appeared by leave of the superior court in behalf of the Amoskeag Manufacturing Company, filed a brief.

PARSONS, J. The plaintiffs' grievance is an alleged error in the action of the defendants, assessors, in valuing for taxation certain corporate property in the city. It is correctly claimed by the plaintiffs and asserted by the defendants that the acts complained of were judicial. *Hagar* v. *District*, 111 U. S. 701, 710; *Edes* v. *Boardman*, 58 N. H. 580.

There is no constitutional right to a jury trial upon questions of value arising upon tax assessments, because the practice was otherwise at the adoption of the constitution. *Boody* v. *Watson*, 64 N. H. 162, 166; *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 458. Hence the determination of this question is constitutionally placed by the legislature with a tribunal without a jury. Section 1, chapter 58, Public Statutes, made the defendants a constitutional tribunal to determine for taxation purposes the value of the property in question. Whether the jurisdiction of the superior court upon this question should be original, appellate, or superintending, is a legislative question. *Boody* v. *Watson*, 64 N. H. 162, 176. Upon a petition in abatement brought in conformity to the statute, which is in substance an appeal, the court has appellate jurisdiction under which all questions both of law and fact are open for revision. *Edes* v. *Boardman*, 58 N. H. 580.

For reasons considered by the legislature sufficient, and which are not material here, though many of great weight are readily perceived, no appeal has been given to the public upon the question of individual assessments. The court therefore has no appellate jurisdiction under which to entertain the petition. As the court has neither original nor appellate jurisdiction of the question of assessment values, as raised in this case, the jurisdiction,

if it exists, must be found in the power of "general superintend-
ence." P. S., *c.* 204, *s.* 2.

The form of the process required for the exercise of this power
is not material. "The question of form of action is not con-
sidered when it is of no practical consequence and time spent upon
it would be wasted. . . . In this case such technicalities are use-
less, and no time is to be wasted upon the inconvenient peculiari-
ties of writs that cannot suppress or derange the best inventible
procedure. . . . A judgment of a lower court that is reversible
here on a common-law writ may be reversed here on a petition.
. . . A statement of the error, as the ground of complaint and
cause of action, is required in the petition by the essential rules of
common-law pleading, for the ascertainment of the precise point
in controversy and the production of distinct issues of law and
fact. On a sufficient petition, the question is whether there is an
error correctible by the superintending power, and not whether
. . . it is correctible on writ of error, writ of false judgment, *cer-
tiorari, mandamus, audita querela,* or prohibition." *Boody* v. *Wat-
son,* 64 N. H. 162, 172, 173.

The petition alleges the value of the corporate property at a
certain sum, and then alleges the appraisal of it at a less sum by
the assessors. The fundamental question upon the demurrer
therefore is whether the error so alleged is correctible under the
superintending power. "What errors are correctible in the super-
intending jurisdiction is determined by common-law principles and
statutory provisions applicable in each case. In some of the
authorities, confusion arises from loose and ambiguous definitions.
A decision of a question of fact is described as an exercise of dis-
cretion ; an exercise of judgment is spoken of when the meaning
is that the question on which the judgment is exercised is not one
of law ; and the superintending power is said to be restricted to
ministerial as distinguished from judicial error, when the distinc-
tion intended is the difference between a question of law and a
question of fact. The common law does not give a universal
right of appeal from inferior courts for the mere purpose of grant-
ing a new trial of issues of fact. The superintending power is
generally limited to such matters of law and fact as must be tried
and decided in order to correct errors of law. When the legis-
lature intend a court's decision of questions of fact shall be revis-
able by another tribunal on a new trial of the whole case, whether
there is error of law or not, an appeal is ordinarily provided."
*Boody* v. *Watson, supra,* authorities cited *p.* 186. "When no ap-
peal is provided from the decision of the constituted tribunal on
questions of fact properly before it, the inference is that the legis-
lature intended that the decision should be final." *Attorney-Gen-*

*eral* v. *Sands*, 68 N. H. 54, 55. The power to revise the facts, given by a limited appeal from tax appraisals, is additional evidence of an intention that findings of fact should not be revisable in cases to which the right of appeal given does not extend.

The petition does not allege that the assessors omitted to appraise any of the taxable property of the corporations named, or that their property was fraudulently assessed at so low a rate as to amount in law to no assessment at all. See *State Board of Equalization* v. *People* (Ill.), 61 N. E. Rep. 339, 341. There is no allegation that the assessment made does not represent the fair exercise of the assessors' appraising judgment. The sole question that would be raised by a traverse of the allegations of the petition would be whether the value of the property in question is what the plaintiffs say it is or what the assessors have determined it to be. This is a question of fact. *Cocheco Mfg. Co.* v. *Strafford*, 51 N. H. 455, 459. No authority being found at common law and none having been conferred by statute, by express terms or reasonable implication, for a revision of the fact found by the tribunal to which its determination has been constitutionally committed, the bare allegation that such finding is wrong does not assert an error correctible by the superintending power. " The fair exercise of the defendants' appraising judgment was not controllable except on appeal." *Boody* v. *Watson*, 64 N. H. 162, 187. The plaintiffs' right to an appraisal of all taxable property at its true value is merely the right to have such appraisal made by the fair exercise of the judgment of a duly constituted tribunal. Whether the superior court should or should not be authorized to make or revise such appraisal, is, as already suggested, purely a legislative question which, by absence of action and fair intendment from action taken, the legislature has determined against the plaintiffs' present contention.

A wrong being merely the infringement of a right (1 Bl. Com. * 122), where there is no right there can be no wrong, and the question of the existence of a remedy does not arise. The appraisal of property for taxation, in its relation to the present case, is merely one of a large class of cases in which the decision of facts has been committed to a tribunal other than the highest courts of the state for final adjudication. *Boody* v. *Watson*, 64 N. H. 162, 198 ; *Doughty* v. *Little*, 61 N. H. 365, 368.

It is suggested that the undervaluation alleged may have been produced by an erroneous rule of law. Whether justice requires the allowance of amendments alleging facts sufficient to raise this claim, or asserting any other ground which will make the petition sufficient, will be determined by the superior court. As the petition now stands, to overrule the demurrer would commit to the

superior court the trial of facts which that court has not jurisdiction to determine.   The order sustaining the demurrer was therefore correct, and the exception must be overruled.

Whether the plaintiff Wagner pays a property tax, or a poll tax merely, or both, an adequate remedy for his private injury of overtaxation is furnished in either case by a petition for abatement. P. S., c. 59, s. 11; *Locke* v. *Pittsfield*, 63 N. H. 122; *Edes* v. *Boardman*, 58 N. H. 580.   If the statute ran against that remedy before the commencement of this suit, this suit cannot be maintained merely for the purpose of evading the statute.   As the injury claimed is public rather than private, if the objection as to parties is insisted upon it can be obviated by making the state or attorney-general plaintiff.   *Boody* v. *Watson*, 64 N. H. 162, 174.

It is also objected that the suit was not seasonably brought.   It is manifest that if upon any state of facts the plaintiffs are entitled to remedial action, considerations of public convenience require that such action should.be prompt and the application made therefor as early as reasonably possible.   In *Boody* v. *Watson*, 63 N. H. 320, application was made to the court in June for the correction of an error alleged to have been made in the assessment of the preceding April.   This application to the next term of court at the earliest opportunity was seasonable.   *Boody* v. *Watson*, 64 N. H. 162, 189.   It does not appear when in the case now before us the appraisal was made or the petition filed.   If it was brought at the earliest practicable opportunity after the facts as to the appraisal could have been discovered by reasonable diligence, it was seasonably brought.   Any unnecessary or unexplained delay in bringing the petition, in view of the character of the proceeding and the relief asked, would be fatal to its maintenance. *Chamberlain* v. *Lyndeborough*, 64 N. H. 563.

A taxpayer's abatement petition under the statute must be brought within nine months after notice of the tax.   By analogy to this provision, it would seem that, upon any state of facts, the present petition, if brought more than nine months after knowledge of the appraisal could have reasonably been obtained, was not seasonably commenced.   This question is not raised by the demurrer.   The point has been argued, however; and as it may be fatal to the prosecution of the petition, even if amended, this suggestion is made.   ·

*Exception overruled.*

CHASE, J., did not sit: the others concurred.