July 16,
  1919.

## OPINION OF THE JUSTICES.

The adjutant-general cannot be removed from office except upon address by the
  legislature.

July 2, 1919, the governor and council adopted the following
resolution:

Resolved: That the supreme court be requested to render an
opinion as soon as possible as to whether, under the constitution
and laws of the state of New Hampshire, the governor can legally
remove the adjutant-general at his pleasure, and for such further
interpretation of any of the provisions of the constitution and laws
bearing on the matter as it may be the pleasure of the supreme
court to render.

The justices being informed by the secretary of state of this
action of the governor and council heard the parties at Concord,
July 11, 1919, and subsequently submitted the following:

*To His Excellency the Governor and the Honorable Council:*

As has been frequently said by the justices of this court our
constitutional advisory power is limited to the expression of opinion
upon important questions of law necessary to be determined by the
body requiring advice. 67 N. H. 600. The resolution which we
have been informed has been adopted by you requiring our opinion
upon the question "whether the governor can legally remove the
adjutant-general of the state" fails to make clear what action of
your body is dependent upon the answer to that question. But
upon the assumption that our opinion may be of use to you in the
performance of the duties legally imposed upon you, we herewith
respectfully answer.

Our opinion is that the governor has not the power to remove the
adjutant-general, a duly commissioned officer of the militia, except
upon the address of both houses of the legislature. Constitution,
Part II, *article* 52 (53); 62 N. H. 706.

While the secretary of state is the recording officer of the council,
the verity of the record is established by the signatures of the mem-
bers of the council. Constitution, Part II, *articles* 46 (47), 63 (64).

The informality by which information of your action has reached

us has not been permitted to prevent prompt consideration and reply.

FRANK N. PARSONS.
REUBEN E. WALKER.
JOHN E. YOUNG.
ROBERT J. PEASLEE.
WILLIAM A. PLUMMER.

July 16, 1919.

*Drew, Shurtleff, Morris & Oakes* (*Irving A. Hinkley* on the brief), (*Mr. Morris* orally), for Charles W. Howard, adjutant-general.

*Oscar L. Young*, attorney-general, for the state.