May 6,<br>
1930.

## OPINION OF THE JUSTICES.

The following resolutions, adopted at the 1930 special session of the legislature, were transmitted to the justices on March 25, 1930.

*Resolved,* that the Speaker of the House be and hereby is directed to request the Justices of the Supreme Court to express to the legislature their opinion upon the following questions:

1. Would any constitutional provision be violated by exempting from taxation all standing wood and timber by a gradual process as proposed in House Bill No. 433 ?

2. Would any constitutional provision be violated by exempting all standing wood and timber from taxation by a gradual process and also imposing a severance tax as proposed in House Bill No. 434?

3. Would any constitutional provision be violated should the sum of the property tax and the severance tax on a given tract of timber in any one year exceed the average state tax rate or the tax rate for the particular town or tax district in which the property is situated?

*Be it further resolved,* that the Speaker of the House be and hereby is directed to furnish a copy of the foregoing resolution to each of the Justices of the Supreme Court together with copies of the above mentioned bills.

The following answer was returned.

*To the House of Representatives:*

Your resolutions, adopted at the special session of the legislature, held in March, 1930, were received after the final adjournment of that session. It is not suggested therein that there is any anticipation of a further session. It therefore follows that any answers to your inquiries could not aid you in the performance of your official duties. *Opinion of the Justices,* 70 N. H. 640.

There are early precedents for returning to the inquirers' successors in office answers to questions propounded under these circumstances.

*Opinion of the Justices*, House Journal 1819, *p.* 244; *Opinion of the Justices*, 7 N. H. 599; *Opinion of the Justices*, 8 N. H. 573; *Opinion of the Justices*, 41 N. H. 550. In none of these instances does the matter of the limitations upon the duty to answer appear to have been considered. The limitations involved here were first spoken of when the legislature enacted that a commission should frame rules and forms for proceedings under the school laws, "which . . . when approved by the supreme court or a majority of the judges thereof, shall be deemed valid and sufficient." Laws 1885, *c.* 144. In declining to pass upon the report of the commission, it was said: "The 74th article authorizes each branch of the legislature, as well as the governor and council, to require the advice of the justices of the supreme court upon important legal questions pending in the body entitled to the advice, and awaiting the consideration and action of that body in the course of its legislative or executive duty." *In re School-Law Manual*, 63 N. H. 574, 576.

These limitations have since been observed. The question must be pending and awaiting action in the body propounding the inquiry. This test has been considered and applied in the following *Opinions of the Justices*: 67 N. H. 600; 70 N. H. 640; 73 N. H. 625; 75 N. H. 613; 79 N. H. 535.

In the present instance the necessary occasion for advice is lacking. Whether the next house will need and desire advice is to be left to its determination. The present house cannot act for it in this matter.

The advice given last January, after the adjournment of the regular legislative session (*ante.* 557, 559) was upon the suggestion in the resolutions that a special session might be held. There was reasonable occasion to conclude that the advice would be of assistance to the house in the performance of its duties. *Opinion of the Justices*, 75 N. H. 613, 614. No reasonable person would draw any such inference from the present situation.

As we deem it to be our constitutional duty to decline to answer the inquiries propounded, we respectfully ask that we be excused from compliance with your request.

ROBERT J. PEASLEE.
LESLIE P. SNOW.
JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.

May 6, 1930.