## Opinion of the Justices.

*William L. Phinney*, Attorney-General (orally), for the State.

*Elwin L. Page* (by brief and orally), for John R. Spring, Lawton B. Chandler and Oliver W. Marvin.

*To His Excellency the Governor and the Honorable Council:*

It is my opinion that the questions submitted by your resolution adopted September 26, 1949, are not such as to call for answer. The 74th Article of the Constitution authorizes the Governor and Council, as well as each branch of the Legislature, to require the advice of the Justices of the Supreme Court upon important questions of law and upon solemn occasions. It is well settled that only the bodies named in the Articles are entitled to such advice. *Opinion of the Justices,* 62 N. H. 706. It has also long been settled that the authority of the court to render advisory opinions is limited to advice upon "important legal questions pending in the body entitled to the advice, and awaiting the consideration and action of that body in the course of its legislative or executive duty." *In re School Manual,* 63 N. H. 574, 576. Numerous opinions of the court have applied this test. See *Opinions of the Justices,* 84 N. H. 584, 585; 86 N. H. 607; 90 N. H. 567; 93 N. H. 477.

The inquiries now made arise out of the formulation of plans for the reorganization of state agencies pursuant to Laws 1949, c. 43, by the Governor and a commission appointed to cooperate with and advise him in the preparation of such plans. Laws 1949, cc. 43, 86. Under this act, the Governor is required to prepare one or more plans and transmit the same to the General Court, if he finds it necessary, in order to accomplish the purposes of the act, that one or more of five specified types of organizational changes be made in the structure of any state agency (s. 2). Such plans are to become law in twenty-five days after transmittal, in the absence of a concurrent resolution of the two houses of the General Court indicating disfavor (s. 3).

The resolution submitting the questions in no way indicates that the Governor has found the proposals with respect to the Tax Commission "necessary to accomplish one or more of the purposes of section 1" of the act (s. 2). Until such a finding is made, the questions propounded do not become "important" within the meaning of the Constitution. The resolution suggests no occasion for action on the part of the inquiring body with respect to the questions presented, nor does the statute provide for action by the Governor and Council at any point in the process of preparation and submission of a plan to the Legislature. It follows that the questions propounded are not such as to come within the constitutional provision.

Since I deem it our constitutional duty under these circumstances

to decline to answer the inquiries, I respectfully ask that I be excused from doing so.

LAURENCE I. DUNCAN.

October 14, 1949.