March 31, 1954. } No. 4319.

OPINION OF THE JUSTICES.

The following resolution adopted by the Governor and Council assembled in executive session March 15, 1954, was filed in this court the same day:

"Whereas, certain questions have arisen concerning the authority of the Governor and Council to review the awards of commissions appointed to lay out state highways; and

"Whereas, it is necessary that such questions be resolved in order that the Governor and Council may properly secure the prudent and economical expenditures of moneys appropriated;

"Resolved by the Governor and Council assembled in Executive Session, that the opinion of the Justices of the Supreme Court be respectfully requested upon the following important questions of law:

"1. Do the provisions of Revised Laws, chapter 90, as inserted by Laws of 1945, Part 4, section 23, preclude the Governor and Council from disapproving awards by commissions made in accordance with said Part 4, notwithstanding the provisions of Revised Laws, chapter 27, section 17?.

"2. In the absence of evidence of fraud or gross mistake, may judicial review of a commission's award be obtained by petition of the Governor and Council?

"3. If a commission acquires real estate by purchase as provided in Revised Laws, chapter 90, as inserted by Laws of 1945, Part 7, section 2, rather than by condemnation, is a commission's contract subject to approval by the Governor and Council before it is binding upon The State of New Hampshire?"

The following answers were returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answers to the inquiries contained in your resolution filed March 15, 1954.

A petition for assessment of damages for the taking of property by eminent domain is purely statutory and there is no right of appeal unless authorized by statute. *Flint* v. *Wilmington*, 310 Mass. 66; *Carpenter's Petition*, 67 N. H. 574. If the State or the

condemning authority has the right to appeal from the award or assessment of damages, it must be by express statutory grant. 11 McQuillin, Municipal Corporation (3rd *ed.*) section 32.131. See Mass. Annotated Laws, *c.* 79, *s.* 14; *McHale* v. *State*, 304 N. Y. 674; New York Condemnation Law, *ss.* 2, 20; New York Highway Law, *s.* 30; Wis. Stat. *ss.* 83.07, 83.08, 84.09 and chapter 32.

Recent trends in highway condemnation stress the desirability of procedures that are simple, efficient and do not involve long delays. "In condemning land for public purposes a happy balance must be struck between individual rights and public benefit. The two are not always necessarily in conflict: immediate possession for the condemnor is reasonably consistent with the owner's interest, provided he can secure just compensation for his loss without too much delay or expense." Dodge, Land Acquisition for State Highways. 1953 Wis. L. Rev. 458, 479. See, Levin, Public Land Acquisition for Highway Purposes (U. S. Gov't. Printing Office 1943). While there is wide variation among the states and even within any given state in the methods and procedures for condemnation, it is recognized that the problem is primarily a matter of statutory construction rather than a constitutional one. *Matter of Board of Transportation of N. Y.*, 272 N. Y. 52. This is demonstrated by an early but comprehensive analysis of condemnation procedures in all the states made in 1931. Ray, Condemnation Procedure, *pp.* 25-272 reported in First Report of the Judicial Council of Michigan. At that time it was stated that New Hampshire employed ten methods of condemnation.

The Highway Law of 1945 (R. L., *c.* 90, *Pt.* 4, *s.* 17, as amended by Laws 1945, *c.* 188, *s.* 1) provides that only the aggrieved landowner may appeal the assessment and by section 23 that the "state shall pay for all land" so acquired. While the latter part of section 23 gives the Governor and Council the power to approve of the services and expenses of the layout commission as well as the costs of litigation incurred by them, it in no way gives them authority to review the amounts awarded by the layout commission. Neither R. L., *c.* 27, *s.* 17, authorizing the Governor and Council to prescribe "general regulations" to secure the prudent and economical expenditures of moneys appropriated, nor *s.* 8, *Pt.* 10, *c.* 188, *supra,* is applicable to awards made by a layout commission, a jury or the Superior Court. See *Opinion of the Justices*, 90 N. H. 568.

In answer to the first question the Governor and Council are advised that they do not have the power to disapprove awards

made by commissions in the layout of highways under the Highway Law of 1945.

Ordinarily issues of fact decided by an administrative body are not reviewable by the courts unless the Legislature provides a right of review by appeal or other proceeding. *Opinion of the Justices*, 96 N. H. 513, 515. "When the legislature intend a court's decision of questions of fact shall be revisable by another tribunal on a new trial of the whole case whether there is error of law or not, an appeal is ordinarily provided." *Boody* v. *Watson*, 64 N. H. 162, 186. In certain cases the remedy of *certiorari* is available but then the inquiry is limited to the question whether the administrative body has acted without jurisdiction or illegally. *Cloutier* v. *State Milk Control Board*, 92 N. H. 199. Errors of law may be corrected but there cannot be a new determination of the facts. "Merely because the court would make a contrary finding if it were the commission is not enough." *Sinkevich* v. *Nashua*, 97 N. H. 262, 265.

The answer to question two is that in the absence of fraud or gross mistake (R. L., c. 90, *Pt.* 4, s. 10, *supra*; *Waisman* v. *Manchester*, 96 N. H. 50), the Governor and Council could not obtain any general judicial review of the amount of a commission's award. They could obtain only a limited judicial review by *certiorari* "upon the inquiry of law whether the finding or verdict could reasonably be made." *Cloutier* v. *State Milk Control Board, supra*, 203.

The fact that the commission acquires land by purchase rather than by condemnation (R. L., c. 90, *Pt.* 7, s. 2, as inserted by Laws 1945, c. 188, s. 1) does not make the commission's contract of purchase subject to the approval of the Governor and Council. When the Legislature sought to have specific approval by the Governor and Council of the sale of land acquired for highway purposes, they said so expressly. Highway Law of 1945, *supra*, Pt. 10, s. 11. There is no corresponding provision for approval by the Governor and Council of the purchase of land by a layout commission. The answer to question three is no.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

March 31, 1954.