Rockingham,
No. 5114.

HAMPTON *& a. v.* OLIVER W. MARVIN *& a.*

Argued May 7, 1963.
Decided July 9, 1963.

*Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally), for the plaintiffs.

*William Maynard*, Attorney General, and *Frederic T. Greenhalge*, Assistant Attorney General (*Mr. Greenhalge* orally), for the members of the State Tax Commission.

*Russell A. McGuirk* for defendant Ralph T. Harris, furnished no brief.

Lampron, J. The first two questions transferred are the following:
"1. Is RSA 76:16A (Laws of 1955, Chapter 162, Section 1) constitutional?
"2. Are the orders of the Commission involved in this proceeding invalid because of lack of notice to the Town and hearing?"
These questions relate to the nature of the powers granted and of the obligations imposed on the State Tax Commission by RSA 76:16-a (supp). They involve matters of public importance which should be decided in these proceedings. *Lisbon* v. *Lisbon Village District*, 104 N. H. 255, 257, 258.

RSA 76:16-a (supp) provides that if the selectmen on a written application for an abatement of a tax assessed by them or their predecessors (RSA 76:16) "neglect or refuse so to abate, any person aggrieved . . . may, within six months after notice of such tax . . . apply in writing to the state tax commission which after due inquiry and investigation shall make such order thereon as justice requires."

The selectmen of the town of Hampton assessed for the year 1959 eight parcels owned by the defendant Harris for a total of $77,950. His application to them for an abatement was denied on January 29, 1960. On February 3 he applied to the State Tax Commission for an abatement on two of these parcels, namely "75 Ocean Blvd." assessed at $30,300, and "Bet. K & L" or "77 Ocean Blvd." assessed at $27,300.

February 19 the Commission notified the selectmen that it had received "an appeal for abatement" from Harris and ascertained that he had duly filed an inventory of his properties as required by RSA 74:4 and RSA 76:16-a (supp). March 8 the Commission informed the selectmen by letter that it would investigate the matter in due course.

October 25 the Commission notified the selectmen it had granted Harris an abatement of $7,800 in valuation on 75 Ocean Blvd. and $4,300 in valuation on 77 Ocean Blvd. This letter requested the selectmen to "issue the abatements indicated above so that the tax collector may adjust his records accordingly. If, however, the tax bills on these properties were paid in full [they were] as originally presented kindly take whatever action is necessary so the proper refund may be made." No refund was ever granted to Harris.

The law is well established in this state that the power of taxation is an attribute of sovereignty belonging to the people which under our Constitution is vested in the Legislature. Const., Pt. II, *Art.* 2d, *Morrison* v. *Manchester*, 58 N. H. 538, 549. The taxing process with which we are concerned here is exercised initially by the selectmen and then by the collector. Although chosen by the town, these officials in the performance of these duties are public officers and not agents of the municipality. *Canaan* v. *District*, 74 N. H. 517, 535.

The Legislature has imposed on the State Tax Commission the duty and has granted it the power and authority "to have and exercise general supervision over the administration of the assessment and taxation laws of the state and over all assessing officers in the performance of their duties, to the end that all assessments of property be made in compliance with the laws of the state." RSA 71:11 VI. The Commission thereby is the superior tax assessing authority in the state. *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 7; *Hill* v. *Martin*, 98 N. H. 519, 523.

Appraisals made by the selectmen as well as abatements granted by them are administrative acts because they are performed in pursuance of executive duties. *Opinion of the Justices*, 87 N. H. 492, 494. Applications for abatements made under RSA 76:16-a (supp) to the Commission charged by law with the general supervision of assessments and assessing officers and the Commission's orders thereon "after due inquiry and investigation" must likewise be in the nature of administrative acts. *Opinion of the Justices*, 87 N. H. 492, 494, 495; *Opinion of the Justices*, 96 N. H. 513, 514, 515.

The taxpayer involved has a constitutional right to be heard at some time upon the assessment made against him. *Edes* v. *Boardman*, 58 N. H. 580, 585; *Boody* v. *Watson*, 64 N. H. 162, 166. This can be by appeal to the State Tax Commission.

*Opinion of the Justices*, 96 N. H. 513, 515. The town is in no sense a party to the controversy which is between the State in the exercise of its taxing power and the taxpayer. *Winchester* v. *Stockwell*, 76 N. H. 193; *Opinion of the Justices*, 87 N. H. 492, 494.

We are of the opinion that neither the town nor any other taxpayer has a constitutional right to receive notice or to be heard on an application for an abatement made to the selectmen or to the Tax Commission under RSA 76:16, 16-a (supp). *Eyers Woolen Co.* v. *Gilsum*, 84 N. H. 1, 4; *Manchester* v. *Furnald*, 71 N. H. 153, 156. Although the Legislature could provide for such notice and hearing we see no violation of due process in its failure to so provide in an administrative proceeding between a taxpayer and the State's taxing officials. The constitutional right of other taxpayers that the taxpayer seeking the abatement "pay [his] constitutional share of the public expense" (*Eyers Woolen Co.* v. *Gilsum, supra,* 3), and any right or interest of the public or the town in the matter (*Edes* v. *Boardman*, 58 N. H. 580, 585; *Manchester* v. *Furnald, supra,* 159) remain unaffected by such administrative proceedings. We can perceive no violation of the constitutional provision regarding the separation of powers (Const., Pt. I, *Art.* 37th) in such a procedure. *Opinion of the Justices*, 96 N. H. 513, 514; *Opinion of the Justices*, 87 N. H. 492, *supra.*

Even though it was found that part of his property was erroneously assessed, Harris was not entitled to an abatement unless the whole tax assessed against him for the year 1959 exceeded the sum which he should have paid. *Bemis &c. Bag Co.* v. *Claremont,* 98 N. H. 446. The matter being presently in the Superior Court the case is remanded to it to determine if Harris is entitled to an abatement based on an appraisal of all of his property in the town of Hampton for that year. Under RSA 71:19 the Court in its discretion may refer the matter to the Tax Commission for further findings.

In view of the result reached there is no need to make further answer to the third question transferred by the Trial Court, namely, "Are the Commission's findings and orders supported by the evidence which it had before it?"

*Remanded.*

All concurred.