Merrimack,
No. 5481.

RALPH W. BREWSTER & a.

*v.*

STATE.

Argued May 4, 1966.
Decided May 31, 1966.

*Ralph W. Brewster* ( by brief and orally ), pro se.

*George S. Pappagianis,* Attorney General and *Robert W. Moran,* Assistant Attorney General ( *Mr. Moran* orally ), for the State.

WHEELER, J. This action is an appeal from an award of $16,500 in an eminent domain proceeding whereby the State took on April 28, 1964 an entire lot of land with the buildings thereon owned by the plaintiffs in connection with Route 28 bypass in Pittsfield.

Trial by jury with a view resulted in a verdict for the plaintiffs in the amount of $17,934. During the course of the trial and afterward the plaintiffs took certain exceptions which were reserved and transferred by *Keller,* J.

The plaintiff's chief contention in substance is that the State's expert witness was not qualified to testify as to the fair market value of the plaintiff's property. Although an objection and exception to his qualification does not appear in the record the

plaintiff contends that at an unrecorded bench conference he stated to the Court, "Your Honor, this witness is incompetent." The witness was permitted to continue and his qualification as an expert was thus impliedly approved by the Court. While under our procedure all objections and exceptions must appear as a matter of record in order to receive consideration here, the plaintiff's status as a layman appearing pro se, warrants a waiver of the technical requirements of preserving an exception and we thus consider the objection to the qualifications of the State's expert as timely taken.

The plaintiff's objection to the competency of the testimony of the State's expert witness Daigle is based on the contention ( 1 ) that it violated the pre-trial agreement which we find not to be the case; ( 2 ) that his testimony was based on hearsay; and ( 3 ) that on cross-examination it appeared that the witness was not "possessed [of] peculiar skill and special knowledge" of the subject matter.

RSA 516:29 provides: "OPINIONS. The opinions of witnesses as to the value of any real estate, goods or chattels may be received as evidence thereof, when it appears to the court that they are qualified to judge of such value."

The State's expert witness Daigle is a self-employed appraiser of property with approximately eleven years' experience in that field. He is a graduate of Keene State College and has done work as a civil engineer. He was the assessor for the city of Keene from 1955 to 1961 and for the city of Concord from 1961 to January 1965. Presently he is president of the Society of Real Estate Appraisers of this state. He is also a member of the International Association of Assessing Officers and holds a certified assessment evaluation degree. On the evidence the Court could properly find that the witness was qualified.

Since the witness was properly found qualified, any deficiencies in his testimony exposed by cross-examination went to the weight of the testimony rather than its admissibility. *Edgcomb Steel Co. v. State,* 100 N. H. 480, 492; *Roy* v. *State,* 104 N. H. 513, 515. The fact that certain of the testimony of this expert witness was based on hearsay does not render it incompetent since the witness "gives it the sanction of his general experience." *Berry* v. *State,* 103 N. H. 141, 145.

The failure of the Court to permit the jury to consider as elements of recovery, removal and relocation costs, increased bank

interest on a new loan and taxes paid was not error. "As the title to all property is held subject to the implied condition that it must be surrendered whenever the public interest requires it, the inconvenience and expense incident to the surrender of the possession are not elements to be considered in determining the damages to which the owner is entitled. A landowner is not entitled to the expense of removing personal property from the land taken." *Ranlet* v. *Railroad,* 62 N. H. 561, 564; *Edgcomb Steel Co.* v. *State, supra,* 490.

The plaintiff's property was taken on April 28, 1964. He contends he is entitled to recover a proportionate part of the 1964 tax for the period after April 28, 1964. As the State points out the State took title by eminent domain and not as the result of a purchase between a willing buyer and willing seller. The tax assessed as of April 1, 1964 became a lien upon the property, and the plaintiff's remedy if any was by petition for abatement. RSA 76:16, 16a-20 ( supp ). Statutory provisions to be found in other jurisdictions, producing a different result, are not controlling here. See *So. Carolina Public Service Authority* v. *11754.8 Acres of Land,* 123 F. 2d 738 ( 4th Cir. 1941 ). See RSA 233: 27-30 ( supp ).

The order is

*Exceptions overruled.*

All concurred.