Coos,
No. 6177.

JOSEPH BLOGIE & a. AND TOWN OF CARROLL

*v.*

STATE TAX COMMISSION AND
ROBERT C. HILL AND GEORGE McAVOY.

June 30, 1971.

*Hinkley and Donovan* ( *Mr. Walter D. Hinkley* orally ) for the plaintiffs.

*Warren B. Rudman*, Attorney General, and *Donald W. Stever, Jr.,* Attorney ( *Mr. Stever* orally ), for the State Tax Commission.

*Dodge, Moulton & Smith* for defendants Hill and McAvoy, filed no brief.

*Leonard J. Merski,* City Solicitor of the City of Concord ( by · brief and orally ), amicus curiae.

GRIFFITH, J. Bill in equity brought by the town of Carroll and certain individual taxpayers of the town asking the superior court

to determine the fair market value of certain property in Carroll called the Crawford House and owned by the defendants Hill and McAvoy. The petition alleges that the tax commission valued the Crawford House property substantially below the value of the property and if it is allowed to stand defendants Hill and McAvoy will not be paying their fair and proportionate share of the taxes in the town of Carroll. It is also alleged that the individual petitioners and other property owners in the town will be required to pay more than their fair share of the taxes because of the deficiency in the assessment against the Crawford House.

The defendants moved to dismiss the petition and certain facts were agreed to by the parties. The Trial Court, *King,* J., reserved and transferred without ruling the question of whether the motion to dismiss should be granted. It is agreed that the Crawford House had been assessed for tax purposes by the town of Carroll at $306,308 in 1967. In that year the property was purchased by Hill and McAvoy for $300,000, the price including furniture, fixtures and five motor vehicles. On December 22, 1967 defendants Hill and McAvoy petitioned the tax commission under the provisions of RSA 76:16-a( supp. ) for an abatement giving as a reason " The assessed valuation of this property is well above the purchase price. " On May 11, 1970 the tax commission assessed the property at $175,000 and ordered the town of Carroll to abate the tax on $131,308 of the 1967 assessment.

Plaintiffs agree that the sole issue presented by their petition is whether in a case where the tax commission grants an abatement to an individual taxpayer in a town, the town and/or individual taxpayers in the town are entitled to have the matter reviewed in the courts.

Upon an appeal to the tax commission the tax commission makes an assessment as the superior tax assessing authority of the State. " The town is in no sense a party to the controversey which is between the State in the exercise of its taxing authority and the taxpayer. " *Hampton* v. *Marvin,* 105 N.H. 34, 37, 193 A.2d 441, 444 ( 1963 ). No appeal has been provided by RSA 76:17 to either the town or another taxpayer of the town from an abatement granted a taxpayer by the tax commission. The plaintiffs here claim that to deny them a hearing in the superior court to determine whether the abatement was excessive or unreasonable is to deny them a constitutional right.

Plaintiffs argue that there is a constitutional right of every taxpayer that his fellow taxpayers pay their fair and proportion-

ate share of the tax burden and that to deny them the right to hearing on the assessment here denies them this right. They rely on language in *Edes* v. *Boardman*, 58 N.H. 580 ( 1879 ) and *Morrison* v. *Manchester*, 58 N.H. 538 ( 1879 ) by Chief Justice Doe as supporting this argument. However both of these cases clearly state that the remedy of aggrieved taxpayers in this situation is not an increase in the claimed undervalued assessment but an abatement of their own. " The relief to which the plaintiff is entitled is a release from so much of the tax assessed to him as is in excess of his share. " *Morrison* v. *Manchester, supra* at 550.

*Manchester* v. *Furnald*, 71 N.H. 153, 51 A. 657 ( 1901 ) closely resembles the present case and is decisive against the plaintiffs. There the city of Manchester and a taxpayer of the city brought a petition for a writ of mandamus against the tax assessors of the city alleging they failed to assess property of the Amoskeag Manufacturing Company and four other corporations at their full and true value. In sustaining a demurrer to the petition the court said: " For reasons considered by the legislature sufficient, and which are not material here, though many of great weight are readily perceived, no appeal has been given to the public upon the question of individual assessments. The court therefore has no appellate jurisdiction under which to entertain the petition. " *Id.* at 156, 51A at 658. In the case of the individual taxpayer " an adequate remedy for his private injury of overtaxation is furnished . . . by a petition for abatement. " *Id.* at 159, 51 A. at 659; *see Missouri* v. *Dockery*, 191 U.S. 165, 48 L. Ed. 133, 24 S. Ct. 53 ( 1903 ). Cases in other jurisdictions allowing such appeals are based upon statutes. *See* Annot., 5 A.L.R.2d 576, 592 ( 1949 ).

In this case as in *Manchester* v. *Furnald supra* the plaintiffs rely upon allegations that the tax commission valued the property too low. Plaintiffs ask for a new trial before the superior court on the issue of fact determined by the commission. The jurisdiction of this court over inferior tribunals in the absence of statutory appeals is limited to the correction of errors and abuses. RSA 490:4. Plaintiffs argue that in their appeal to the tax commission defendants Hill and McAvoy stated their property was appraised in excess of the purchase price rather than that the assessment was " disproportionately higher in relation to its true value than was the case as to other property in the city. " *Ainsworth* v. *Claremont,* 106 N.H. 85, 87, 205 A.2d 356, 357

( 1964 ). This argument does not support a conclusion that the tax commission did not apply the proper formula in granting the abatement. *Perry* v. *State Tax Commission*, 103 N.H. 264, 169 A.2d 765 ( 1961 ). Defendants' motion to dismiss is granted.

*Judgment for the defendants.*

GRIMES, J., dissented; the others concurred.