Cheshire,
No. 6346.

ROBERT F. CASSUBE & a.

*v.*

WILLIAM MAYNARD & a., AND OLLA, INC.

June 30, 1972.

*Charles H. Morang,* city attorney, by brief and orally, for the plaintiffs.

*Warren B. Rudman,* attorney general, *Donald W. Stever, Jr.,* assistant attorney general (*Mr. Stever* orally), for the defendant members of the State Tax Commission.

*Howard B. Lane,* for the defendant Olla, Inc., filed no brief.

LAMPRON, J. Petition for writ of certiorari. Defendant Olla, Inc. was the owner of the Ellis Hotel located on the main street of Keene. Plaintiffs' petition alleges that they are the assessors of the city of Keene, two of whom are individual taxpayers. The individual defendants are members of the State Tax Commission. It is alleged, and it seems not to be disputed, that the true value of the Ellis Hotel property for the tax year beginning April 1, 1968, was set by the assessors at $67,768.00 for the land and $58,036.00 for the buildings and that the same value was established for the 1969 tax year. An application for abatement was denied by the assessors in January 1969 following which Olla applied to the State Tax Commission. On April 15, 1970, the commission notified the assessors that it had abated part of the taxes on the Ellis Hotel. The commission had determined the true value of the land at $67,750.00 plus a 10% margin, or $74,550.00, but had reduced the building to $2,600.00 plus a 10% margin, or $2,850.00.

The plaintiffs allege that the determination that the true value of the building was $2,850.00 was arrived at by a misapplication of the law, that it could not be reasonably made on the evidence, is so low as to amount to no valuation at all, and that the determination was "arbitrary, capricious, unreasonable, an abuse of discretion, or the result of gross mistake."

Defendants' motion to dismiss was granted and plaintiffs' exception was transferred by *Dunfey,* J.

The main issue presented is whether where the State Tax Commission has granted an abatement to an individual taxpayer upon an appeal to it under RSA 76:16-a the city through its board of assessors or any individual taxpayer is entitled to have the matter judicially reviewed.

The plaintiffs as taxpayers contend that if the abatement is allowed to stand they will be required to pay more than their fair share of the tax burden in violation of their constitutional right. *Edes* v. *Boardman*, 58 N.H. 580, 587 (1879); *Morrison* v. *Manchester*, 58 N.H. 538, 549 (1879); *see Blogie* v. *State Tax Comm'n*, 111 N.H. 246, 279 A.2d 603 (1971).

This court has held that the taxpayer seeking an abatement has a constitutional right to be heard at some time upon the assessment made against him. *Hampton* v. *Marvin*, 105 N.H. 34, 36, 193 A.2d 441, 444 (1963). The legislature has provided a court appeal to such a taxpayer if he is aggrieved by the action or refusal to act of the taxing authorities. RSA 76:17. However, the legislature "for reasons considered . . . sufficient" has not given to city officials or to other taxpayers the right to appeal or to contest by other means the administrative decision of the tax commission granting an abatement to a particular taxpayer. *Manchester* v. *Furnald*, 71 N.H. 153, 156, 51 A. 657, 658 (1901); *see* Davis, Administrative Law Text *s.* 28.01 (3d. ed. 1972); Davis, Administrative Law Treatise *s.* 28.07 (Supp. 1970).

Such remedies are not necessary to protect the constitutional right relied on by the plaintiffs. They can assure their right to have their fellow taxpayers pay their fair and proportionate share of the tax burden by seeking a release from so much of the tax assessed to them as is in excess of their share. *Morrison* v. *Manchester*, 58 N.H. 538, 550 (1879); *Blogie* v. *State Tax Comm'n*, 111 N.H. 246, 248, 279 A. 2d 603, 604 (1971). The fact that the procedure to enforce this remedy contains certain time limitations (RSA 76:16, 16-a, 17) does not render it nugatory.

We hold that the present case is controlled by *Blogie* v. *State Tax Commission, supra,* and that the trial court properly granted defendants' motion to dismiss.

*Exception overruled.*

GRIMES AND DUNCAN, JJ., dissented; the others concurred.

GRIMES, J., dissenting: The question presented is whether plaintiffs may challenge by petition for writ of certiorari a tax abatement granted Olla, Inc. by the State Tax Commission.

The plaintiffs allege that the determination that the true value of the building was $2,850.00 was arrived at by a misapplication of the law, that it could not be reasonably made on the evidence, is so low as to amount to no valuation at all, and that the determination was "arbitrary, capricious, unreasonable, an abuse of discretion, or the result of gross mistake".

It is contended by the plaintiffs who are taxpayers that they will be required to pay more than their fair share of the tax burden if the abatement is allowed to stand. They therefore assert a constitutional right enunciated nearly a hundred years ago in *Edes* v. *Boardman,* 58 N.H. 580, 587 (1879); *Morrison* v. *Manchester,* 58 N.H. 538, 549 (1879), and referred to more recently in *Blogie* v. *State Tax Commission,* 111 N.H. 246, 279 A.2d 603 (1971).

In *Blogie,* the court, relying upon *Manchester* v. *Furnald,* 71 N.H. 153, 51 A. 657 (1901), held that neither the town nor individual taxpayers were entitled to have the matter reviewed by the courts when the tax commission grants an abatement to an individual taxpayer. It was said that because the legislature had provided no appeal from an alleged excessive abatement, the remedy of other taxpayers for the injury of overtaxation was a petition for abatement of their own.

*Blogie* however did recognize that even in the absence of a statutory right of appeal this court will correct "errors and abuses" of the commission. The *Furnald* case recognized that a remedy may be had in the courts in abatement cases when errors of law are claimed. The court upheld the demurrer only "as the petition now stands" but left it to the superior court to determine whether to allow an amendment alleging facts which would make the petition sufficient.

In both *Blogie* and *Furnald,* the town and individual taxpayers sought de novo review in the courts of the factual question of the value of the property upon which the abatement was made. In *Furnald,* plaintiffs sought a writ of mandamus and in *Blogie* plaintiffs proceeded by way of a bill in equity. The form of action is "of no practical consequence", the real question being whether the petition alleges errors which are correctable by the courts. *Manchester* v. *Furnald,* 71 N.H. at 157, 51 A. at 658. Plaintiffs in this petition for certiorari do not seek a de novo review of the factual determi-

nation of the tax commission. Instead the allegations of their petition enumerated above raise questions of "errors and abuses" which are reviewable by our courts. *Cloutier* v. *State Milk Control Board,* 92 N.H. 199, 202-03, 28 A.2d 554, 557 (1942); *Opinion of the Justices,* 98 N.H. 533, 104 A.2d 195 (1954); *Boody* v. *Watson,* 64 N.H. 162, 9 A. 794 (1886).

The petition in this case therefore supplies the essential elements which were lacking in *Blogie* and *Furnald* and entitle the plaintiffs to a hearing. Although they are not entitled to a de novo review of the facts, they are entitled to have the court consider the evidence to the extent necessary to determine whether the finding of the commission could reasonably be made and to rule upon the other questions of law raised by the petition and set forth above. *Cloutier* v. *State Milk Control Board,* 92 N.H. at 203, 28 A.2d at 557. The motion to dismiss should have been denied.

DUNCAN, J., concurred in the foregoing opinion.