Merrimack
No. 78-161

### NEW HAMPSHIRE HIGHWAY HOTEL, INC.

v.

### CITY OF CONCORD

March 7, 1979

*Upton, Sanders & Smith,* of Concord (*Frederic K. Upton* orally), for the plaintiff.

*Paul F. Cavanaugh,* city solicitor, for the city.

BROCK, J.   This is a petition for abatement of real estate taxes brought pursuant to RSA 76:17 (Supp. 1977) by the New Hampshire Highway Hotel, Inc., against the city of Concord. During trial before the Master (*Robert A. Carignan,* Esq.), the principal dispute between the parties was whether the "full and true value," or fair market value, of the plaintiff's property, RSA 75:1 (Supp. 1977), should be determined by the replacement cost less depreciation method used by the city or by the income capitalization method used by the appraiser engaged by the hotel.

The master found that, because of the unique features and functional obsolescence of the hotel, the income method was the more appropriate one to be utilized in this case. The only evidence for valuation of the property by the income method was that presented by the plaintiff's appraiser, Mr. John Hyde. Relying on that evidence, the master recommended that plaintiff's taxes for 1976 be abated and that a refund of $24,847.62 be ordered. The Superior Court (*Johnson,* J.) approved these recommendations, and a decree was entered in accordance therewith.

The city does not seriously question the sufficiency of the evidence supporting the master's findings or his selection of the income method of determining fair market value of plaintiff's property. *See Berthiaume v. City of Nashua*, 118 N.H. 646, 392 A.2d 143 (1978). The defendant's principal contention on appeal is that its motion to dismiss the petition for abatement for lack of jurisdiction should have been granted by the trial court because the city, and not the board of assessors, was named as the sole party defendant.

If a taxpayer elects to appeal the denial of an abatement to the State board of taxation, the "affected town or city" is now the adverse party. RSA 76:16-a (II) (Supp. 1977). That statutory provision effectively overrules any suggestion in our previous holdings that the affected town was not a party to the controversy. *Blogie v. State Tax Comm'n*, 111 N.H. 246, 279 A.2d 603 (1971); *Hampton v. Marvin*, 105 N.H. 34, 36, 193 A.2d 441, 444 (1963); *Manchester v. Furnald*, 71 N.H. 153, 156, 51 A. 657, 658 (1901). We find no evidence that the legislature intended different parties to appear merely because the taxpayer, as in this case, exercised its option of appealing directly to superior court. RSA 76:17 (Supp. 1977).

There is no question that the city of Concord is the real party in interest in this dispute. *See Edes v. Boardman*, 58 N.H. 580 (1879). The taxes paid by the hotel have long since passed through the hands of the tax collectors into the city's coffers. If a refund is ordered, the funds will be repaid directly by the city treasurer. The city can hardly contend that its presence in the courtroom is neither proper nor effective. In fact, it is arguable that as the real party in interest the city is not only a proper party defendant but a necessary one. *Cf. Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 231 A.2d 269 (1967) (municipality, not zoning board, proper party defendant); *Stone v. Cray*, 89 N.H. 483, 200 A. 517 (1938) (town, not selectmen, proper plaintiff in zoning case); *accord, Berry v. Daigle*, 322 A.2d 320 (Me. 1974) (proper party defendant for tax refund is tax collector or municipality, whichever has possession of funds).

The real question, therefore, is whether the board of assessors is an independent and indispensable party such that the case cannot proceed in its absence. We hold that it is not.

The city asserts that the assessors are completely independent public officers and not agents of the city. *See Hampton v. Marvin*, 105 N.H. 34, 36, 193 A.2d 441, 444 (1963) (dicta); *Eyers Woolen Co. v. [Town of] Gilsum*, 84 N.H. 1, 3, 146 A. 511, 512 (1929); *accord, Dillon v. Johnson*, 322 A.2d 332 (Me. 1974). Although assessors fall under the general

supervision of the State, they are chosen by the city and derive their authority from its governing officers. RSA 48:12, :14, :15. More important, in this case the assessors have no interest independent of the city. Under the predecessor statute to RSA 76:16-a, the city acting through its board of assessors had no more standing than the city alone. *Cassube v. Maynard*, 112 N.H. 229, 230, 293 A.2d 594, 595 (1972). In a suit to collect taxes, "whether the suit should be in the name of the town or of the officer charged with the collection of the tax may not be very material as to the maintenance of the action." *Canaan v. Enfield Village Fire District*, 74 N.H. 517, 70 A. 250, 257 (1908) (Parsons, C.J. concurring).

■ The city nevertheless maintains that the assessors are an essential party because the city acting alone has no power to make abatements of taxes. *Northumberland v. Cobleigh*, 59 N.H. 250, 255 (1879). The city ignores the well-settled rule that on a petition for abatement, the superior court has broad powers to order an abatement. RSA 76:17 (Supp. 1977); *Lisbon Village District v. [Town of] Lisbon*, 85 N.H. 173, 155 A. 252 (1931); *Edes v. Boardman*, 58 N.H. 580 (1879); *Hampstead v. [Town of] Plaistow*, 49 N.H. 84, 97 (1869). It has long been the practice in this State to name the affected city or town as the defendant in a petition for abatement. *See, e.g., Berthiaume v. City of Nashua*, 118 N.H. 646, 392 A.2d 143 (1978); *Dewey v. [Town of] Stratford*, 40 N.H. 203 (1860). There is no reason to impose a different rule at this juncture.

■ The city's remaining exceptions, relating to the master's admission of certain items of evidence presented by the plaintiff, are without merit. The first items to which the city objected were the hotel's financial statements, which had been used by its expert witness in preparing his report. Matthew Morton, the president of the plaintiff corporation, who had been actively involved in all aspects of the plaintiff's business for more than ten years, was clearly a "qualified witness" who presented an adequate foundation as to the mode of preparation of the statements. RSA 521:2. The master did not err in allowing these records into evidence without requiring testimony from the bookkeeper and accountant who actually prepared them. They were introduced only to show the basis for the expert's opinion and were therefore not barred by the hearsay rule. *Brewster v. State*, 107 N.H. 226, 227, 219 A.2d 706, 708 (1966); Annot., 12 A.L.R.3d 1064 (1967).

■ The defendant next challenges the master's admission of testimony by the plaintiff's expert, Mr. Hyde, concerning the occupancy rates of other hotels in the Concord area, which he had used in deter-

mining the plaintiff's potential income under prudent management. Although technically hearsay, this data was obtained and used by him in the normal course of his appraisal of the plaintiff's property and was relied upon in reaching his opinion. Mr. Hyde's qualifications as an expert real estate appraiser were not disputed and the master was justified in accepting his assessment of the reliability of the sources used in his investigation and appraisal. RSA 516:29; *Brewster v. State*, 107 N.H. 226, 227, 219 A.2d 706, 708 (1966); C. McCORMICK, EVIDENCE §15 (2d ed. 1972); *see* FED. R. EVID. 703. Any deficiencies or inaccuracies in either Mr. Hyde's written appraisal report or his testimony could have been brought out on cross-examination by counsel for the defendant had he chosen to question him. *Canney v. Travelers Ins. Co.*, 110 N.H. 304, 307, 266 A.2d 831, 834 (1970); *Brewster v. State supra*; Annot., 12 A.L.R.3d 1064, 1069 (1967).

*Exceptions overruled; judgment*
*for the plaintiff.*

All concurred.