Grafton, }
July 3, 1906. }

CANAAN v. ENFIELD VILLAGE FIRE DISTRICT.

Where exempted property is assessed for purposes of taxation, the owner cannot plead the exemption in defence of an action for recovery of the tax, but must file a petition for an abatement within the time limited by statute.

ASSUMPSIT, to recover the amount of a tax assessed for the year 1904 upon property of the defendants located in the town of Canaan. The writ is dated September 16, 1904. Transferred from the November term, 1905, of the superior court by *Chamberlin*, J., upon an agreed statement of facts.

The defendants are a municipal corporation within the limits of the town of Enfield. In pursuance of legislative authority and a

vote of the inhabitants, the district purchased land in Canaan, constructed a reservoir thereon, and established a system of waterworks which at the time of the assessment in question was used for municipal purposes and for supplying private persons with water under contracts which yielded an income; and the tax sought to be recovered was assessed upon the defendants' property in Canaan so used. The defendants do not question the regularity of the assessment, or claim that the tax is not proportional. Judgment is to be rendered in accordance with the opinion of the court upon the foregoing facts.

*James B. Wallace*, *George F. Morris*, and *Batchellor & Mitchell*, for the plaintiffs.

*Streeter & Hollis*, for the defendants.

BINGHAM, J.    This suit is brought under section 17, chapter 60, of the Public Statutes, to recover a tax assessed April 1, 1904, upon certain real estate owned by the defendants in the plaintiff town.    The contention of the defendants is that their charter authorized the purchase of the property for water-works purposes and exempted it from taxation (Laws 1903, *c.* 221); but this contention cannot be set up in defence of the action.    The assessment is in the nature of a judgment and cannot be attacked collaterally.    If the property assessed was not taxable, or the tax was excessive, the defendants' remedy was by an application to the selectmen of Canaan for an abatement, and, in case they declined to grant it, to seasonably petition the court for a like purpose.    By so doing a hearing could be had and any error in the assessment corrected.    *Farmington* v. *Downing*, 67 N. H. 441, 442; *Pittsfield* v. *Exeter*, 69 N. H. 336, 338.    But as more than nine months have elapsed since the defendants were notified of the tax (P. S., *c.* 59, *s.* 11), it is now too late to petition for an abatement; and in compliance with the order made in the superior court, there must be,

*Judgment for the plaintiffs.*

All concurred.