FRANK M. LOWE *vs.* GLADYS H. GILLIAM.

CHARLES L. AMES *vs.* SAME.

Suffolk.    November 18, 1932. — November 23, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, Implied.

Evidence, at the trial of an action of contract, that the plaintiff was a stockholder in a corporation which had failed; that the defendant solicited and received from the plaintiff a certain sum of money to enable a committee of stockholders, of which the defendant was treasurer, to purchase the assets of the corporation; that the defendant promised to repay the money within a certain time whether the assets of the corporation were purchased or not; that the purpose for which the money was solicited was not accomplished; and that the defendant had not repaid the money to the plaintiff, warranted a finding for the plaintiff; the mere circumstance that the defendant purported to act as treasurer of the committee did not exonerate him from personal liability.

TWO ACTIONS OF CONTRACT OR TORT. Writs in the Municipal Court of the City of Boston dated, respectively, June 24, 1929, and July 20, 1929.

The actions were heard together in the Municipal Court by *Putnam*, J. Material evidence is stated in the opinion. In each action the judge refused the following requests by the defendant for rulings:

"1. That no contract ever existed between the plaintiff and the defendant in her personal capacity.

"2. That no liability accrued to the defendant in her personal capacity by the representations of the agents or servants of the Protective Committee . . . .

"3. That the defendant's acts were solely as treasurer of the Protective Committee and she assumed no personal liability whatsoever.

"4. That upon all the evidence, the finding should be for the defendant."

The judge found for the plaintiff in the first action in

the sum of $500 on the count in contract and for the plaintiff in the second action in the sum of $1,000 on the count in contract. He found for the defendant in each action on the count in tort. A report of each action to the Appellate Division was ordered dismissed. The defendant appealed.

*W. S. Thompson*, for the defendant, submitted a brief.

*R. G. Wilson, Jr.*, for the plaintiffs.

BY THE COURT. In the first of these actions the plaintiff seeks to recover $500, and in the second $1,000. In each case the answer of the defendant was simply a general denial and payment. There was evidence tending to show that each plaintiff was a stockholder in the Puritan Stores Company Inc., that that company failed, and that an agent of the defendant solicited and received from each plaintiff the amount above specified as a contribution to enable a protective committee of stockholders, of which the defendant was treasurer, to purchase the assets of the failed corporation. The check in one instance was made to the order of the defendant as an individual and in the other to her order as treasurer. The promises were that whether the assets of the corporation were purchased or not the money would be repaid, to Lowe within ten days or two weeks, and to Ames within thirty days. At the trial the defendant rested without calling any witnesses. The finding in each case was for the plaintiff.

There was ample evidence to support the finding that the money of the plaintiffs came into the hands of the defendant for a purpose which was not realized, that a part at least of this money was still in the hands of the defendant and a part of it had been distributed among other subscribers. There is no plea of tender, no payment into court, and no plea of nonjoinder. The only questions of law arise on certain requests for rulings. Plainly the finding was justified in favor of the plaintiffs. *Bearse v. McLean*, 199 Mass. 242. The mere circumstance that the defendant purported to act as treasurer did not exonerate her from personal liability.

*Orders dismissing reports with double costs*
*affirmed with double costs of the appeal.*