Cheshire,
No. 4622.

JOSEPH W. GUARENTE *v.* BENEDICT GINSBERG

NORTH RIDING, INCORPORATED, *Intervenor.*

Argued December 3, 1957.
Decided February 4, 1958.

*Maurice M. Blodgett* (by brief and orally), for the intervenor.

*Bell & Bell* (*Mr. Ernest L. Bell, III* orally), for Guarente.

DUNCAN, J. The issue presented is whether the finding or ruling that the plaintiff "has not sustained the burden of proof" was erroneous as a matter of law. In our judgment it was.

It is not disputed that both notes secured by mortgage on the plaintiff's property were held by the Lockwood interests at the time of the six-thousand-dollar payment by the plaintiff to the defendant on June 12, 1954, and that they were also assignees of the mortgages. Consequently the defendant was in no position either to credit the plaintiff with payment on account of the notes or to discharge them should they be paid in full. *Clark* v. *Wheeler,* 81 N. H. 34, 40. "The payor having made the paper negotiable cannot assume that it has not been transferred although he has defaulted in his contract of payment. Paying the note, he has the right to have the note given up or his partial payment indorsed." *Id.,* 41. See also, *Mead* v. *Leavitt,* 59 N. H. 476; *Murphy* v. *Barnard,* 162 Mass. 72, 77-80. Moreover, the plaintiff concededly knew that the major part of the payment, not applied to the first mortgage note, was being held by the defendant ostensibly for use to pay taxes, rather than in payment of any supposed indebtedness to him.

Although the defendant claimed to have acted generally as an agent or trustee for Farrell in selling the premises to the plaintiff, at a later date he acted for the plaintiff in "trying to keep things alive" and was acting as his agent, by implication at least, in disbursing the payment made to him on June 12, 1954. See *Lipman* v. *Noblit,* 194 Pa. 416, 418; *People* v. *City Bank of Rochester,* 96 N. Y. 32, 37.

Receipt of the six-thousand-dollar payment by the defendant was established by his written receipt and was not denied by him. Application of $1,275 of this amount to the first mortgage debt by check of the defendant to the Lockwood interests was unquestioned. Establishment of these facts likewise established the defendant's obligation, as agent for the plaintiff, to account for his dealing with the balance. Mechem, Outlines Agency, (4th *ed.*) *s.* 536; 2 Am. Jur., Agency 226, *s.* 286. "If the principal proves or the agent admits that the agent has come into possession of money . . . for the principal, the agent has the burden of proving that he has paid it to the principal or disposed of it in accordance with his

authority." Restatement, Agency, *s.* 382, *comment* d. See also *Id., s.* 399, *comment* e; *Patterson* v. *Getz*, 166 Ore. 245, 280.

"Justice and convenience may require that in certain phases of a case the party not having the burden of proof shall produce evidence, upon pain of that issue being decided against him if he declines to do so." *Spilene* v. *Company*, 79 N. H. 326, 328. The defendant's burden of accounting for the payment made to him could not be satisfied by merely stating that he had "credited [the plaintiff's] account," when the "account" was held by others and no evidence was offered as to what disposition was in fact made of the funds. The defendant testified that all payments to the Lockwood group were made by check: "Every one of them." The original notes, which were in evidence, disclosed no payments of any description. The defendant's assertion that he "made a credit on the principal on the second mortgage," that he "credited the interest due . . . credited the account" could not reasonably satisfy his burden of going forward or cast upon the plaintiff a burden of proving that no interest, principal, taxes or insurance premiums had been paid from the balance in question. *Anderson* v. *Stanwood*, 178 Ore. 306, 318. As the evidence stood it would have warranted a verdict charging the defendant with the balance of $4,725. *Anctil* v. *Dupont*, 96 N. H. 501, 503. See *Lowe* v. *Gilliam*, 281 Mass. 85, 86.

The defendant argues that the plaintiff has waived its rights by failing to demand that the assignee Ginsberg account as provided by RSA 479:13, and by dealing with Ginsberg with respect to the property, after foreclosure. No accounting at the hands of Ginsberg is sought by this proceeding, and the plaintiff's conduct toward him cannot bar its independent rights against Guarente.

The burden upon the plaintiff was to establish its right to an accounting at the hands of the defendant. This burden was satisfied by the uncontroverted evidence that six thousand dollars was entrusted to the defendant for disbursement to the plaintiff's credit. At that point, the facts "if unanswered would justify men of ordinary reason and fairness in affirming the question which the plaintiff [was] bound to maintain." IX Wig., Ev. (3rd *ed.*) *s.* 2494 at 299.

The case will be remanded so that the defendant may account for the balance of $4,725. In the absence of such an accounting, the plaintiff should have judgment.

*Exception sustained.*

224

BLANDIN, J., was absent; WHEELER, J., did not sit; the others concurred.