Hillsborough,
No. 5828.

J. DUNN & SONS, INC.

*v.*

PARAGON HOMES OF NEW ENGLAND, INC.

JOSEPH DUNN

*v.*

SAME

April 30, 1970.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Dort S. Bigg* and *J. R. Falby, Jr.* ( *Mr. Falby* orally ), for the plaintiffs.

*Harkaway, Barry & Gall* ( *Mr. Aaron A. Harkaway* orally ), for the defendant.

PER CURIAM. Petition by defendant under RSA 542:1, 2 for arbitration and to stay certain actions brought by the plaintiffs against the defendant arising out of a contract between them pertaining to the sale of pre-cut homes and garages as well as building supply and home equipment products.

On December 28, 1963, plaintiff Joseph F. Dunn entered in an agreement with the defendant distributor " as its exclusive sales agent " in the Manchester area for " Paragon " products. On June 18, 1964, the parties agreed to include the name of plaintiff J. Dunn & Sons, Inc. in their " Distributor Agreement. "

Clause 13 of this agreement reads as follows: " In the event of any dispute or disagreement of any nature whatsoever concerning this agreement, including but not limited to the terms of this Agreement, the performance thereof, the breach thereof, or its interpretation, the same shall be arbitrated by the American Arbitration Association in the City of New York, the jurisdiction of which Association and the enforcement of its orders both parties do hereby consent. In the event of such arbitration, the costs shall be borne equally between the parties. "

Plaintiff J. Dunn & Sons brought an action in three counts against the defendant. The gist of the first two counts, in assumpsit and case respectively, is that the defendant in the light of the contract between the parties, so conducted itself as to cause irreparable harm to their reputations and business prospects, causing them loss of profits, embarrassment and mental anguish.

Count three called a " Plea of Assumpsit " alleges that defendant is indebted to plaintiff for commissions on certain sales contracts.

The action of Joseph Dunn against the defendant contains two counts only and they are identical to counts one and two in the action of the corporation previously set out herein.

The Trial Court ( *Griffith*, J. ) denied defendant's petition for arbitration as to counts one and two in each action as a matter of law, and as to count three in the corporation's action as a matter of discretion. Defendant's exceptions thereto were reserved and transferred by *Morris*, J.

RSA 542:1 provides in part as follows: " A provision in any written contract to settle by arbitration a controversy thereafter

arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." No claim is made that grounds for revocation exist in this case. RSA 542:2 provides for a stay of the trial of any suit involving an issue referable to arbitration until "such arbitration has been had in accordance with the terms of the agreement."

It is well settled law here and elsewhere that the scope of an arbitration clause in a contract presents a question of law for the court. *Brampton Woolen Co.* v. *Local Union,* 95 N.H. 255, 256, 61 A.2d 796; *Kantrowitz* v. *Perlman,* 240 A.2d 891, 893 ( Conn. 1968 ); *Old Dutch Farms, Inc.* v. *Milk Drivers & Dairy Emp. Union,* 359 F.2d 598, 600 ( 2nd Cir. 1966 ); 5 Am. Jur. 2d Arbitration and Award *s.* 15. Such a clause is to be inter- preted so as to make it speak the intention of the parties at the time it was made bearing in mind "its purpose and policy." *Southwestern Trans Co.* v. *Durham,* 102 N. H. 169, 173, 152 A.2d 596; *Peter Salvucci & Sons, Inc.* v. *State,* 110 N. H. 136, 268 A.2d 899. Where, as in this case, no evidence has been presented, the determination of whether or not the dispute between the parties is subject to arbitration must be made from the face of the counts in plaintiffs' writs and the terms of the arbitration clause in the agreement of the parties. *Leon Handbag Co.* v. *Local* 213 *of Leather, Luggage & H. Wkrs.* 81 Cal. Rptr. 63, 65 ( Cal. App. 1969 ).

The determination of whether an action is on a contract or in tort is not controlled by the form of the action but by its sub- stance. *Lakeman* v. *LaFrance,* 102 N. H. 300, 305, 156 A.2d 123; *Cloutier* v. *Kasheta,* 105 N. H. 262, 197 A.2d 627. The source or origin of the duty alleged to have been violated; the nature of the grievance; the character of the remedy such facts indicate; the type of damages sought; are important factors in making such determination. 1 Am. Jur. 2d Actions *s.* 8, *See* James, Civil Procedure *ss.* 3.1, 3.12 ( 1965 ).

The fact that the duty alleged to have been violated is related to obligations growing out of or coincidental with a contract will not prevent the action from being one in tort. *Lakeman* v. *LaFrance, supra; Doerr* v. *Villate,* 74 Ill. App. 2d 332, 220 N. E. 2d 767; 1 Am. Jur. 2d, *supra.* The purpose of the con- tract duty is to secure the receipt of the thing bargained for, while

the tort duty which results from the contract relation of the parties is that a party must refrain from conducting itself so as to cause a particular harm to the other party. Restatement, Second, Torts *s.* 4, comment *c.* The fundamental principle of compensatory damages in a contract action is to put the injured party in as good a position, so far as money damages can put him, as he would have occupied had the defendant fully performed. *Coos Lumber Co.* v. *Builders Supply Co.,* 104 N. H. 404, 406, 188 A.2d 330. Mental suffering caused by breach of contract is not generally allowed as a basis for compensation in contractual actions. 11 Williston, Contracts *s.* 1341 ( 3d ed. 1968 ). In a tort action plaintiff may recover for " a grave and lasting injury to his personal reputation and credit, with the mental distress which followed unwarranted exposure of himself and his family to the disgrace and obloquy of unjustified charges. " *Chagnon* v. *Union Leader Co.,* 103 N. H. 426, 447, 174 A.2d 825, 839.

We are of the opinion that the trial court could properly rule that, on their face, the first two counts in each action alleged tortious breaches by the defendant of a duty not to cause plain-tiffs economic harm in their business and trade expectancies by intentional and negligent interference with plaintiffs' prospects and ability to obtain customers and conduct a profitable business. *See Huskie* v. *Griffin,* 75 N. H. 345, 74 A. 595; *Conway Bank* v. *Pease,* 76 N. H. 319, 324, 82 A. 1068, 1071; *Morrison* v. *National Broadcasting Company,* 266 N. Y. S. 2d 406, 410, 415; 1 Harper and James, Law of Torts *s.* 6.10, at 501 ( 1956 ); Prosser on Torts *ss.* 123, 124 ( 3d ed. 1964 ); Annot., 16 A.L.R. 3d 1191. Plaintiff can cure by amendment any lack or precision as to the exact methods used by the defendant or the nature of the harm caused. RSA 514:9. *See Porter* v. *Dziura,* 104 N. H. 89, 179 A.2d 281. Defendant can also secure such details by pretrial discovery.

The arbitration clause reveals by its terms that it was intended to cover essentially " any dispute or disagreement . . . concerning . . . the terms . . . performance . . . breach . . . or . . . inter-pretation " of the contract between the parties. The thrust of the counts in question is not defendant's failure to perform the agreement of distributorship between the parties but, rather, as previously stated, its violation of a duty imposed by law to respect certain rights of the plaintiffs. The trial court properly denied

defendant's motion for arbitration as to counts one and two because they were not within the coverage of the arbitration clause and in the orbit of RSA 542:1, 2. 6A Corbin, Contracts *s.* 1435, ( 1962 ).

Count three of the corporation's action dealing with commissions for sales could be ruled to be within the arbitration agreement. However it has always been the law in this jurisdiction that the manner and time that all or a part of the issues in an action shall be tried is a question of justice and convenience within the discretion of the trial court. *Glover* v. *Baker,* 76 N.H. 393, 395, 83 A. 916, 920. Although courts should enforce arbitration agreements, neither the agreement of the parties nor the statute can abolish their discretionary power to control the manner in which related issues are to be disposed of. 6 Williston, Contracts *s.* 1922, at 5378 ( rev. ed. 1938 ). The trial court could properly decide in its discretion that count three was so closely linked with the other counts that justice and convenience required that all be tried at the same time in the same forum. *Tinkham* v. *Railroad,* 77 N. H. 111, 88 A. 709; *Lynch* v. *Bissell,* 99 N. H. 473, 474, 116 A.2d 121, 123. *See* Annot., 68 A.L.R.2d 1372.

*Exceptions overruled.*

GRIFFITH, J., did not sit.