## Hazleton, Appellant, *v.* Hazleton Area School District.

478

Argued January 12, 1971. Before Jones, Eagen, O'Brien, Roberts, Pomeroy and Barbieri, JJ.

*Edmund J. McCullough;* for appellant.

*Anthony C. Falvello,* with him *John D. McAfee,* and *Falvello, Ustynoski, Giuliani & Bernstein,* for appellee.

Opinion by Mr. Justice O'Brien, April 22, 1971:

Appellant, a municipality, filed a complaint in equity to enjoin the construction of a high school planned by appellee school district until the construction and indebtedness necessary be approved by a referendum.

After a hearing where the testimony of two of appellant's councilmen was the only evidence presented, the complaint was dismissed on the court's ruling that appellant "has not legally established a capacity to sue."

On appeal the city argues, on two separate grounds, that it has standing. Neither has merit. First, the city argues that its own revenues would be placed in jeopardy because they are dependent upon taxes on real estate which will be adversely affected if the school district raises millage to pay for the new school. Although we have held that a taxpayer has standing to proceed in equity on such a matter, *Downing v. Erie City Sch. Dist.*, 360 Pa. 29, 61 A. 2d 133 (1948), there is no standing if the taxpayer cannot show an actual or threatened pecuniary loss. *Regan v. Stoddard*, 361 Pa. 469, 474, 65 A. 2d 240 (1949). The city cannot show such a loss. The city pays no taxes to the school district. If the new school is built, the city will pay nothing toward its construction costs. The pecuniary effect must be more direct. To grant the city standing to sue because of a hypothetical threat to property tax revenues would mean that the school district would have the same right to attack all city budget decisions. It would mean that every time two or more taxing authorities are dependent upon the same taxpayers for revenues, either could have the other's decisions reviewed. As long as we have a system where the board of the school district has the exclusive duty and authority to determine the necessity and location for school buildings and the city has the exclusive power to determine questions concerning municipal services, neither can be said to have the pecuniary interest necessary to have standing to challenge the other's activities.

The city's second argument is that it has standing to bring suit on behalf of its taxpayers who do have a

recognized standing to sue. However, those courts which have been faced with this question before have denied the right of a municipal corporation to sue: ". . . [W]here it cannot in any sense be regarded as a representative of the public or of its inhabitants or citizens, it has been held that such corporation may not maintain an action to protect the rights of its resident taxpayers where the litigation does not affect such corporation directly." 64 C.J.S. 2186 b.(2).

Decree affirmed, costs to be borne by appellant.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.