Merrimack
No. 6931

TOWNS OF MADBURY AND LEE

v.

STATE OF NEW HAMPSHIRE
AND
OYSTER RIVER COOPERATIVE SCHOOL DISTRICT

April 30, 1975

*Burns, Bryant, Hinchey, Cox & Shea (Mr. Donald R. Bryant* orally) for the plaintiffs.

*Calderwood & Ouellette* for defendant Oyster River Cooperative School District.

*Warren B. Rudman,* attorney general, and *Charles G. Cleaveland,* assistant attorney general (*Mr. Cleaveland* orally), for the State.

GRIFFITH, J. The towns of Madbury and Lee are seeking to recover damages against the State of New Hampshire for the misapplication of foundation aid under RSA chs. 195 and 198. They have previously attempted, without success, to recover misapplication in foun-

dation aid. *Madbury v. Durham,* 108 N.H. 474, 240 A.2d 760 (1968). The Oyster River Cooperative School District was added as a party defendant in the present case in order that full relief might be granted. The State of New Hampshire filed a motion to dismiss contending that their claim of sovereign immunity precluded granting the requested relief and that the towns were an instrumentality of the State and, as such, had no legal capacity to sue it. In addition, the defendants claimed that no contractual relationship ever came into existence with the towns, and thus no duty to correctly allocate foundation aid was breached. Finally, the defendants assert that *Madbury v. Durham supra,* judicially resolved all the issues in this proceeding and that a writ of mandamus should not issue. The Superior Court *(Batchelder,* J.) transferred the issue of whether the motion to dismiss should be denied as a matter of law.

The towns of Madbury, Lee, and Durham established the Oyster River Cooperative School District in 1954. During each fiscal year after the formation of the Oyster River Cooperative School District, the State department of education, in conjunction with the State tax commission, computed the amount of money each town would have to appropriate for the support of the cooperative school district in accordance with the formula adopted by the towns at the time of the formation of the cooperative school district. The department of education deducted from the total costs of operation, the foundation aid allocated to the preexisting individual school districts of Madbury and Lee and then apportioned the balance of the school district's expenses between the towns of Madbury, Lee, and Durham in accordance with the equation set out in RSA 195:7 II.

In *Gilsum v. Monadnock Regional School District,* 105 N.H. 361, 202 A.2d 790 (1964), and *Monadnock Regional School District v. Fitzwilliam,* 105 N.H. 487, 203 A.2d 46 (1964), we determined that the proper method for crediting foundation aid to a local school district, which later joins a cooperative school district, was to first apportion the total costs of operations among the component districts according to one of the formulas set out in RSA 195:7. Then, after each district's share has been determined, the amount of foundation aid which each local district would have received, if it still existed independent of the cooperative school district, would then be subtracted from its respective share. As a result of the method of computation employed by the State department of education and the State tax commission, the towns of Madbury and Lee were deprived of $64,693.71, the additional amount of financial benefit they were entitled to pursuant to the terms of RSA 198:9-15, in accordance

with the *Monadnock* rule. It is this sum that the towns of Madbury and Lee are seeking to recover in this proceeding.

The State's motion to dismiss contends that this proceeding is barred by the doctrine of sovereign immunity because the legislature has not consented to tort proceedings against the sovereign. *Krzysztalowski v. Fortin,* 108 N.H. 187, 230 A.2d 750 (1967). The towns of Madbury and Lee counter this assertion by contending that what is at issue here is a breach of a contractual obligation of the State of New Hampshire to properly allocate foundation aid. Ordinarily, plaintiffs have broad freedom in electing which form of action to proceed on, but "the determination of whether an action is on a contract or in tort is not controlled by the form of action, but by its substance." *Dunn & Sons Inc. v. Paragon Homes of New Eng., Inc.,* 110 N.H. 215, 217, 265 A.2d 5, 7 (1970). We have reviewed the agreed statement of facts and examined both the source or origin of the duty alleged to have been violated and the character and type of relief sought (1 Am. Jur. 2d *Actions* § 8 (1962)), in order to determine whether the cause of action arises from a breach of an express or implied contract, or if it arises from a breach of duty growing out of a contract. *Roberts v. Richard & Sons, Inc.,* 113 N.H. 154, 304 A.2d 364 (1973). We have considered all of the factors and are of the opinion that the motion to dismiss based upon the claim of sovereign immunity should be denied. The superior court could conclude that the towns of Madbury and Lee specifically agreed to participate in a cooperative school program in exchange for, and in reliance upon, the State fulfilling its promises and obligations to properly allocate foundation aid.

The plaintiffs instituted this action after trying unsuccessfully to recover the overpayments directly from the town of Durham. *Madbury v. Durham supra.* The issue before this court then was whether the towns of Madbury and Lee could recover from the remaining town in the school district the overpayment of $64,693.71 mistakenly made toward the operational costs of the Oyster River Cooperative School District. The State contends that all the issues before this court have been judicially resolved in *Madbury v. Durham supra,* and that this court judicially determined all of the transactions in the years 1953-1964 to be closed and completed. In *Madbury,* we reaffirmed our decisions in *Gilsum v. Monadnock Regional School District supra* and *Monadnock Regional School District v. Fitzwilliam supra,* but concluded that equitable considerations should preclude retroactive application of the *Monadnock* rule to an equity action against the town for claims that arose prior to 1964.

In the present case, the State questions the standing of the plaintiff to sue the State. It points out that towns are created by the State and are within its entire control. *Amyot v. Caron,* 88 N.H. 394, 190 A. 134 (1937). In the exercise of power of taxation, the town acts under the authority of the State and, except as authorized by statutes, has no right to be heard on an abatement or assessment by a State agency of taxes levied in the town. *Hampton v. Marvin,* 105 N.H. 34, 193 A.2d 441 (1963); *see* RSA 76:16-a II, III (Supp. 1973) effective September 1, 1973. In spite of the limitations upon the plenary control by the legislature over municipalities imposed by the adoption of N.H. Const. pt. I, art. 39, effective 1966, the suit dealing with the tax power may not be maintained by the towns in their corporate capacity. *Hazelton v. Hazelton Area School Dist.,* 442 Pa. 477, 276 A.2d 545 (1971).

The same factors that prevented equitable relief to the plaintiffs in *Madbury v. Durham,* 108 N.H. 474, 240 A.2d 760 (1968), militate against maintenance of the suit in this case on behalf of the town taxpayers. "[I]t is clear the only persons injured by the alleged error . . . are the individual taxpayers in the several towns who paid more in . . . taxes than they were legally required to pay." *Keene v. County,* 79 N.H. 198, 199, 106 A. 486, 487 (1919). The population of the towns of Madbury and Lee has more than doubled in the years between 1950 and 1970. N.H. Register, State Year-Book and Manual No. 177, at 371, 385 (1974 ed.). Assuming that the taxpayers still had the right individually to contest the taxes paid prior to 1964 *(See Keene v. County supra),* it is apparent that only an undetermined portion of the present taxpayers are those injured by the error in allotment of foundation aid. Whatever reasons might be found to permit suit by a town to recover for a current or continuing injury to its taxpayers, we can find none to support a suit to recover for injuries to the taxpayers of the years 1953 to 1964 for the benefit of the taxpayers of the year 1975. *Madbury v. Durham supra.*

*Motion to dismiss granted; judgment for the defendants.*

Grimes, J., dissented in part; the others concurred.

Grimes, J., dissenting in part: I concur in that part of the court's decision which holds that sovereign immunity is no bar to this action. However, I must respectfully dissent from that part which denies relief. Towns are granted the right to sue without limitation. RSA 31:1. Suits against the State are not excluded from this grant.

The legislature no longer has unlimited control over towns. N.H. CONST. pt. I, art. 39; *Opinion of the Justices,* 109 N.H. 396, 400, 254 A.2d 273, 276 (1969). Therefore, cases decided before the adoption of article 39 are not controlling nor are the cases dealing with tax abatements applicable to this case which is based on express contract.

Moreover, I see no reason to apply the equitable principles of *Madbury v. Durham,* 108 N.H. 474, 240 A.2d 760 (1968) (a petition in equity), to this legal action in contract. In any event, I see no equity in denying all relief to those taxpayers who lived in the plaintiff town during the years 1953-1964 just because they may not receive full relief.