Sheehan, Phinney, Bass & Green, by James E. Higgins, filed memorandum of law.

Rockingham
No. 6403

MARY H. CLARK

v.

EXETER CO-OPERATIVE BANK & a.

July 31, 1975

*Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran* orally) for the plaintiff.

*Shute, Engel & Frasier,* for the defendant Exeter Co-operative Bank, filed no brief.

*Flynn, Powell & McGuirk,* for the defendants William J. Howard and Bayside Enterprises, Inc., filed no brief.

LAMPRON, J. Actions in assumpsit to recover moneys owed by the defendants following a foreclosure sale of the mortgaged property of plaintiff in Hampton. The defendants filed motions to dismiss on the following grounds: (1) the matters have already been adjudicated, and (2) the actions are barred by the general statute of limitations (RSA 508:4 (Supp. 1973)) or by the specific one-year limitation pertaining to accounting by a mortgagee. RSA 479:17. The motions were heard by a Master *(Leonard C. Hardwick,* Esq.) who made certain findings and rulings and recommended dismissal of the actions under RSA 508:4 (Supp. 1973). The recommendation was approved by *Grant,* J., who reserved and transferred plaintiff's exceptions. However, no appeal was pursued from the dismissal of the action against Howard and Bayside.

The bank advertised a foreclosure sale of plaintiff's property to take place on August 6, 1963. Plaintiff secured a temporary injunction which was dissolved September 10, 1963. The master found that in the course of that proceeding the bank "gave the plaintiff a statement of the moneys due under the mortgage, the amount of the required monthly payments, the number that had been made, and the situation relative to taxes." The foreclosure sale was held February 26, 1964. Thereafter the bank filed a bill of interpleader in which the plaintiff and others were named defendants. The same master, as in this case, heard the matter making certain findings and recommendations as to the distribution of the funds interpleaded which were approved by *Leahy,* C.J., whose decision was sustained on appeal. *Exeter Co-operative Bank v. Clark,* 100 N.H. 503, 256 A.2d 653 (1969). There was also introduced as an exhibit in the present case a request by the plaintiff addressed to the bank dated August 11, 1964, which sought an accounting of various items relating to the sale among which were fines, interest, and balance due.

The nature of the present action is to be determined not by the label of assumpsit attached to it in plaintiff's writ, but rather,

by its substance. *Dunn & Sons, Inc. v. Paragon Homes of New Eng., Inc.,* 110 N.H. 215, 217, 265 A.2d 5, 7 (1970); *Madbury v. State,* 115 N.H. 196, 340 A.2d 103 (1975). The master properly found that plaintiff's action against the bank was "based upon alleged wrongful imposition of fines, imposing of interest, and failure to credit with payments." Plaintiff's action is therefore in essence an action for an account by a mortgagee provided for by RSA 479:13. *Guarente v. Ginsberg,* 101 N.H. 218, 223, 138 A.2d 456, 459 (1958). RSA 479:17 provides that: "No such petition shall be heard unless the same shall be entered in court within one year after . . . payment, performance, tender, refusal or neglect." Plaintiff's writ dated February 17, 1970, is more than one year after the sale of February 26, 1964, or the date the mortgage debt was extinguished in April 1964, or the date of plaintiff's demand for an accounting on August 11, 1964. We hold that the bank's motion to dismiss was proper under RSA 479:17 even though granted by the trial court under RSA 508:4 (Supp. 1973). *See Preston v. National Grange Mut. Ins. Co.,* 114 N.H. 212, 215, 317 A.2d 787, 789 (1974).

*Exception overruled.*

All concurred.