Colin S. Beegle et al., Appellants *v.* Greencastle-Antrim School District et al., Appellees.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Frederic G. Antoun, Jr.,* for appellants.

*Jan G. Sulcove,* with him *Rudolf M. Wertime, Thomas A. Beckley,* and *Craig W. Bremer,* for appellees.

OPINION BY JUDGE BLATT, April 11, 1979:

A group of residents and taxpayers (appellants) have appealed to this Court from an order of the Court of Common Pleas of the 39th Judicial District-

Franklin County Branch, which dismissed the appellants' exceptions to an order sustaining the demurrer of the Greencastle-Antrim School District and the Greencastle-Antrim School Board (appellees). Two issues are presented for our resolution: whether or not the court below was justified in sustaining the appellees' demurrer; and whether or not it properly refused to hear the appellants' exceptions to the order sustaining the demurrer.

The appellants filed a complaint in equity seeking to enjoin the appellees from closing the Brown's Mill Elementary School. The complaint alleged that the appellees proposed to place students from the closed elementary school in other elementary schools, which would increase class sizes there and have a detrimental effect on the educational system; that the additional students in the Greencastle Elementary School, if discovered in a safety inspection by the state Department of Labor and Industry, would result in an order closing that school; that a proposal to place students in space rented from churches would violate the constitutional separation of church and state; and that churches or other structures in which the students could be placed have not been inspected and approved by the Department of Labor and Industry. The appellees subsequently filed preliminary objections in the nature of a demurrer and questioning the court's jurisdiction. A hearing on the request for a preliminary injunction was held on April 29, 1977, at which the appellees requested a ruling on the preliminary objections. Reserving a ruling, however, the court directed that testimony be taken, and after argument on September 7, 1977, the court sustained the appellees' demurrer in an oral opinion. Thereafter the residents filed exceptions as to which the appellees filed a motion to dismiss. On February 27, 1978, the court filed a written opinion and order dismissing the ex-

ceptions as improperly filed, reasoning that exceptions are not properly taken to an order which sustains a demurrer and dismisses a complaint and that the proper course of action for the appellants was to appeal.

Section 1311(a) of the Public School Code of 1949[1] gives broad discretionary power to school boards to close public schools within their districts. The decision to close a school, therefore, is within a board's discretion unless its action is fraudulent or arbitrary and capricious. *Borough of Clifton Heights v. Upper Darby School District*, 31 Pa. Commonwealth Ct. 523, 377 A.2d 836 (1977). Moreover, an equity court will grant relief only if it can be clearly shown that the board acted in such a manner. *Landerman v. Churchill Area School District*, 414 Pa. 530, 200 A.2d 867 (1964). We must conclude, therefore, that the appellants' complaint was properly dismissed, for it is clear to us as it was to the court below, that the complaint alleges no facts which would justify a court in exercising jurisdiction. The allegations do demonstrate a difference of opinion as to the desirability of closing the Brown's Mill Elementary School; but, as we will reiterate, "Only in those instances wherein arbitrariness, caprice or wrongdoing characterize a board's act will a court interfere." *Dochenetz v. Bentworth School District*, 6 Pa. Commonwealth Ct. 173 (1972).

As to the court's refusal to hear the appellants' exceptions, we again must say that we believe it acted properly. The right to file exceptions is governed by Pa. R.C.P. No. 1518, which provides in relevant part:

> Within ten (10) days after notice of the filing of the adjudication, exceptions may be filed by any party to rulings on objections to evidence, to statements of findings of fact, to con-

---

[1] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1311(a).

clusions of law, to the decree nisi or in cases where requests for findings of fact or conclusions of law have been submitted by leave of court to a failure or refusal to find any matter of fact or law substantially as requested.

This rule plainly envisions the issuance of an adjudication rendered after an evidentiary hearing in an equity case. In fact, Rule 1517 directs that "[t]he court shall make an adjudication and may do so before the testimony has been transcribed." It is clear, however, that

[n]o adjudication is necessary where the case is presented simply upon the complaint and answer and the action is dismissed. Rule 1517, like former Equity Rules 68 to 72, are [sic] inapplicable under such circumstances, for there is no testimony and no issue of fact which an adjudication could discuss. The decree dismissing the action is the final action of the court and the pleadings furnish the basis for that action. (Footnote omitted.)

5 Goodrich-Amram 2d §1517:1, at 171 (1977); *see Panther Valley Television Co. v. Summit Hill Borough*, 372 Pa. 524, 94 A.2d 735 (1953).

We believe that this rationale is equally applicable when, as in this case, the court sustains preliminary objections and dismisses the case. As in the case of judgment on the pleadings, noted in the above quotation from Goodrich-Amram 2d, "there is no testimony and no issue of fact which an adjudication could discuss"; thus no adjudication is necessary or appropriate.[2] The order of the court is accordingly final

---

[2] The fact that in the instant case the court heard testimony and issued an opinion commenting thereon is of no consequence. The dismissal was not based on the hearing, and the opinion was essentially an exposition of the law and the court's reasoning, not an adjudication.

and not a decree nisi.[3] No party, therefore, has a right to file exceptions, for there is nothing to which exceptions can be filed, and an appeal must then be taken if further consideration of the case is desired.

Accordingly, the order of the court sustaining the demurrer and dismissing the exceptions is affirmed.

ORDER

AND Now, this 11th day of April, 1979, the order of the Court of Common Pleas of the 39th Judicial District-Franklin County Branch dismissing the exceptions to its order in the above-captioned matter is hereby affirmed.

---

[3] See *Hudock v. Donegal Mutual Ins. Co.*, 438 Pa. 272, 264 A.2d 668 (1970) (order sustaining preliminary objections and effectively terminating action is final and appealable).