**Borough of Trainer v. Chichester School District**

*Daniel E. Murtaugh, Jr.,* for plaintiffs.
*Arthur Levy,* for defendants.

LABRUM, *J.*, November 10, 1981—This case concerns plaintiffs' motion for preliminary injunction to enjoin the closing of the Trainer Elementary School located in the Chichester School District. A complaint in equity was originally filed in this matter and defendants filed preliminary objections to the complaint. The preliminary objections were sustained in an opinion and order issued on August 6, 1981 by the Honorable Howard F. Reed, Jr.

Subsequently, plaintiffs filed an amended com-

plaint to which defendants again filed preliminary objections. This court again sustained the preliminary objections in the nature of a demurrer after argument by the respective sides on August 20, 1981 and the order of this court was affirmed on September 3, 1981. An appeal of this order was taken to the Commonwealth Court.

After the original complaint in this action was dismissed by Judge Reed, plaintiffs amended their complaint, not by stating any new or different cause of action, but by naming individuals on Borough Council rather than naming the council as an entity. This was also done for various other individuals named as party plaintiffs. In sustaining the preliminary objections to the original complaint, Judge Reed held that, according to Pennsylvania decisions, one municipal corporation was prohibited from suing another municipal entity, the crucial issue being a lack of standing to sue: Hazelton v. Hazelton School District, 442 Pa. 477, 276 A. 2d 545 (1971).

On the amended complaint, the court scheduled a hearing for the purposes of hearing argument and, if necessary, testimony concerning the request for a preliminary injunction. The court again held that the borough had no standing to sue the school district and the court further ruled that the same ruling held for the Mayor of the Borough under the Hazelton rationale. Additionally, six individual members of the Trainer Council named as party plaintiffs were dismissed as plaintiffs by agreement of plaintiffs' counsel. The court also ordered the complaint stricken as to the individual members of the save our schools committee because of a lack of standing to sue. Because the committee was an unincorporated entity, the requirement that the suit be brought by a trustee of the committee was not met.

Finally, the complaint was dismissed against the individual members of the Chichester School Board, the school district itself remaining as a defendant in the case. Since the individual members were acting in their capacities as school board members in voting to close the school in question, they were entitled to the protection of immunity in their official actions.

After removing what were considered the improper and nonessential parties to the action, the court then turned to defendant school district's demurrer to the complaint and petition for preliminary injunction. The demurrer was sustained and the complaint dismissed for failure to plead facts sufficient, if proven, to take jurisdiction of the matter and to find a capricious and arbitrary exercise of governmental power in the school board. It is the established law in Pennsylvania that school boards are given broad discretionary powers to close schools within their districts, and courts of equity can interfere in such a decision only when it is clearly shown that the board acted fraudulently, arbitrarily or capriciously: Beegle, et al. v. Greencastle-Antrim School Dist., et al., 41 Pa. Commonwealth Ct. 605, 401 A. 2d 374 (1979). In the present case, the record will disclose that despite repeated requests by the court, plaintiffs' counsel was unable to point to any specific averments of fraud, arbitrariness or capriciousness on the part of the school board in plaintiffs' complaint. The complaint not only failed to state facts upon which proof and a finding of capriciousness or arbitrariness could be based but on the contrary stated facts clearly showing that the school board acted after considerable study, investigation and debate. A school board's duty is to consider most of the avenues of approach and the pros and cons of closing a school and to base its

decision on reasonable grounds after appropriate discussion: Borough of Clifton Heights, et al. v. Upper Darby School Dist., 31 Pa. Commonwealth Ct. 523, 377 A. 2d 836 (1977). This the complaint itself states and this the school board did. Plaintiffs' only basic averment in the case is that the school board had changed its mind on the vote to close the school. A change of mind in and of itself is not proof of any improper conduct and the court refused to interfere in the appropriate actions of the school board.

For the foregoing reasons, the preliminary objections were sustained and the complaint was dismissed.